```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                             EASTERN DIVISION
```

| | |
|---|---|
| **MYRNA ZIDEK, Successor to DR. DENNIS ZIDEK, and DR. WILLIAM P. GRESS, on behalf of Plaintiffs and Class Members defined herein,** | |
| **Plaintiffs,** | **Case No. 13 C 7742** |
| **v.** | **Hon. Harry D. Leinenweber** |
| **ANALGESIC HEALTHCARE, INC., and JOHN DOES 1-10,** | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss. For the reasons stated herein, the Motion is denied.

### I. BACKGROUND

This case seeks redress for the alleged harm suffered when several doctors received unsolicited fax advertisements for medical equipment. The faxes, allegedly sent by Defendant Analgesic Healthcare, include a message at the bottom telling the recipient "don't hesitate to call me with any questions you may have," and then gives a name and phone number. Otherwise, the faxes do not contain any information indicating how the recipient might stop receiving unwanted faxes. The original Complaint, filed as a putative class action by Plaintiff Zidek on October 29, 2013, alleged that he received an unsolicited fax from Defendant on June 9, 2011. On

February 11, 2014, an Amended Complaint was filed that, as relevant here, added Dr. Gress as a named plaintiff and alleged that he received unsolicited faxes from Defendant on November 6, 2009 and January 16, 2012. Both Complaints enumerate five counts, one each for violations of the Telephone Consumer Protection Act ("TCPA"), the Illinois Consumer Fraud Act ("ICFA"), and the common law torts of conversion, private nuisance, and trespass to chattels.

## II. LEGAL STANDARD

A complaint must provide a short and plain statement of the claim showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court construes a complaint in the light most favorable to the plaintiff and accepts all well-pled facts as true. *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009).

## III. DISCUSSION

### A. Statute of Limitations

Defendant argues that the statute of limitations has expired for the fax received by Dr. Gress on November 6, 2009. The TCPA contains a four-year statute of limitations. 28 U.S.C. § 1658. The original Complaint was filed on October 29, 2013, roughly three years and fifty-one weeks after Dr. Gress received the fax on November 6, 2009. Because Dr. Gress was a member of the class alleged in the original Complaint, the limitations period was tolled from the time when the

original Complaint was filed until the date he was added as a plaintiff. *Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 549-50 (1974) (explaining that "the commencement of the action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit"). Therefore, the limitations period has not expired as to the fax sent on November 6, 2009.

### B. Count I – TCPA

In Count I, Plaintiffs allege that Defendant violated TCPA by sending unsolicited faxes that did not contain an opt-out notice. Compl. ¶¶ 19, 23, 24. The TCPA makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). The TCPA provides exceptions (1) for those with established business relationships or (2) where the fax number was obtained through voluntary communication or a directory; however, these exceptions apply only if the fax includes an appropriate opt-out notice. *Id.*

Defendant moves to dismiss this Count on the ground that Plaintiffs did not allege that the faxes were unsolicited. That contention lacks merit, as Plaintiffs allege in paragraph 23 that the advertisements were unsolicited.

Defendant claims further that Plaintiff consented to receiving the faxes because otherwise Defendant could not have obtained Plaintiffs' fax numbers. Such a broad argument, if accepted, would render the TCPA meaningless, as there could be no such thing as an

unsolicited fax. Additionally, even when one consents to receiving fax advertisements, the fax must include information about how to opt-out of receiving future faxes. 47 U.S.C. § 227(b)(1)(C)(iii); *Holtzman v. Turza,* 728 F.3d 682, 683 (7th Cir. 2013). Plaintiffs have pled adequately a plausible violation of the TCPA.

### C. Counts II-V

The remaining Counts contend that Defendant's acts of sending the fax advertisements may have violated the Illinois Consumer Fraud Act and the common law torts of conversion, private nuisance, and trespass to chattels. Each of these Counts seeks redress for the same conduct complained of in Count I, the transmission of the fax advertisements. Under the federal notice pleading regime, a claim is a set of facts producing an injury. *N.A.A.C.P. v. Am. Family Mut. Ins. Co.,* 978 F.2d 287, 292 (7th Cir. 1992). These five Counts, then, are not distinct "claims"; rather, they are different legal theories, any one of which might entitle Plaintiffs to recover damages. *Id.* at 291 (explaining that "[a] 'claim for relief' seeks redress of a distinct wrong" and that "a distinct legal underpinning differs from a new claim"); *see also, Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.,* 443 F.Supp.2d 976, 977 (N.D. Ill. 2006) (noting that the plaintiff's "single claim" based on the transmission of an unsolicited fax was "carv[ed] up" into three counts, one each for the TCPA, the ICFA, and conversion). Because Plaintiffs cannot recover twice for the same injury, it makes no difference whether they can prevail on one legal theory or all five.

"The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply." *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002). Based on the ruling in Part III.A., the Complaint is sufficient to withstand the Motion to Dismiss because it states a claim to relief (one claim for each injury, or one for each fax sent) that is plausible. The Court is aware that other courts in this district, when confronted with similar cases involving unsolicited faxes, have seen fit to use the motion to dismiss stage as an opportunity to rule on the applicability of various other legal theories in addition to the TCPA. But if the Court were to grant partial relief on this Motion, it would not be "dismissing claims" but rather limiting the legal theories available to Plaintiffs to prove their entitlement to damages for these acts. The federal rules allow for dismissal for "failure to state a claim" but do not provide a basis for striking individual legal theories.

Said another way, if Plaintiffs had omitted Counts II-V from their Complaint, nothing would have prevented them from arguing at summary judgment or at trial that they were entitled to relief based on the ICFA or the common law, because the rest of the Complaint gives Defendant notice of the factual basis for the claim against it. By including Counts II-V (and indeed even Count I), Plaintiffs have gone above and beyond by giving Defendant and the Court notice, not required by the federal rules, of the theories upon which they may

try to rely. *N.A.A.C.P.,* 978 F.2d at 292 (explaining that the complaint "need not identify the law on which the claim rests"). Because a new legal theory is not the same as a new "claim" for federal pleading purposes, the additional Counts are not new claims and there is nothing to dismiss. *Id.* ("One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate.")

Two other points merit attention. First, a ruling regarding Counts II-V would not affect discovery because the underlying facts that need to be proven are the same (it is the application of those facts to the various laws that would differ). Second, this Court is sensitive to the fact that courts in this district have split over whether sending an unsolicited fax amounts to conversion or a violation of the ICFA. *Compare, Centerline Equip. Corp. v. Banner Pers. Serv., Inc.,* 545 F.Supp.2d 768, 779-81 (N.D. Ill. 2008) (plaintiff had pled adequately that junk faxes violated the ICFA), *with Old Town Pizza of Lombard, Inc. v. Corfu-Tasty Gyro's Inc.,* No. 11-C-6959, 2012 WL 638765, at *5-6 (N.D. Ill. Feb. 23, 2012) (dismissing allegation that junk faxes violated the ICFA). All the more so, a ruling on the applicability of those legal theories is best saved to the point at which the parties can argue facts, not allegations.

Because "there is no penalty for invoking the wrong [legal theories]" in a complaint, *Volling v. Antioch Rescue Squad,* --- F.Supp.2d ---, No. 11-C-4920, 2013 WL 6254254, at *9 (N.D. Ill.

Dec. 3, 2013), there is no need to measure the complaint's factual contentions against the extraneous legal theories articulated in Counts II-V. At this early stage, the Court declines to limit the avenues to relief that Plaintiffs might pursue when it comes time for them to prove their case. *See, id.* (explaining that "it would be premature to strike" the legal theories presented in different counts "before discovery reveals the appropriate theory"); *Shafiuddin v. Evanston Northwestern Hosp.,* No. 09-C-2416, 2010 WL 333699, at *2 (N.D. Ill. Jan. 26, 2010) ("A litigant who invokes the wrong legal theory but pleads the right facts survives a motion to dismiss brought pursuant to Rule 12(b)(6).").

## IV. CONCLUSION

For the reasons stated herein, the Motion to Dismiss [ECF No. 42] is denied. The prior Motion to Dismiss [ECF No. 22], which was incorporated into the most recent Motion, is denied as moot. **IT IS SO ORDERED.**

```
                                  _____
                                        Harry D. Leinenweber, Judge
                                        United States District Court
```

Date:6/6/2014