# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MYRNA ZIDEK,                                )
successor to DR. DENNIS ZIDEK,              )
and DR. WILLIAM P. GRESS,                   )
on behalf of plaintiffs and                )
the class members defined herein,          )
                                           )
       Plaintiffs,                     )          13 C 7742
                                           )
       v.                              )          Judge Leinenweber
                                           )
ANALGESIC HEALTHCARE, INC.,                 )
and JOHN DOES 1-10,                         )
                                           )
       Defendants.                     )

## SETTLEMENT AGREEMENT

## RECITALS AND DEFINITIONS

      1.    <u>Parties</u>.  Defendants Analgesic Healthcare, Inc. ("AHC") and John Does Nos. 1-10 (defined below) (collectively AHC and John Does Nos. 1-10 shall be referred to as "Defendants") and Plaintiffs Myrna Zidek, successor to Dr. Dennis Zidek ("Zidek") and Dr. William P. Gress ("Gress") (collectively, "Plaintiffs") individually and as representatives of the settlement class defined below (the "Settlement Class"), enter into this Settlement Agreement ("Settlement Agreement").

      2.    <u>Nature of Litigation</u>.  On October 29, 2013, Plaintiff Dr. Dennis Zidek filed a class action complaint captioned *Dr. Dennis Zidek  v. Analgesic Healthcare, Inc., et al.*, Case No. 13 C 7742 in the United States District Court for the Northern District of Illinois (the "Litigation").   The complaint was subsequently amended adding Myrna Zidek, as successor to the deceased Dr. Dennis Zidek, and Dr. William P. Gress, as an additional plaintiff and class representative.   Plaintiffs allege that the Defendants violated the Telephone Consumer

{30273302;1}

Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and committed common law torts (conversion, trespass to chattels and private nuisance), by transmitting unsolicited facsimile advertisements to Plaintiffs and others similarly situated.

3.  <u>Missouri Litigation</u>.  On July 1, 2014, Douglas Phillip Brust, D.C, P.C., filed a class action complaint against AHC alleging that AHC violated the TCPA and committed common law conversion by transmitting unsolicited facsimile advertisements that did not display a proper opt-out notice.  That case is pending in the United States District Court for the Eastern District of Missouri, Case No. 4:14-CV-01184 AGF (the "Missouri Litigation").

4.  <u>Definitions</u>.  The following definitions shall apply herein:

a.  "<u>AHC</u>" means the Defendant, Analgesic Healthcare, Inc., and its past and present officers, directors, shareholders, managers, employees, independent contractors, partners, business partners, consultants, insurers, attorneys, and agents, predecessors, heirs, successors and assigns.

b.  "<u>Class Period</u>" means the period October 29, 2009, through and including December 15, 2014.

c.  "<u>Defendants</u>" means the defendants herein, AHC and John Does Nos. 1-10.

d.  "<u>Distributable Settlement Fund</u>" means the Net Settlement Fund less attorneys' fees and incentive award to Plaintiffs awarded and paid to Class Counsel and Plaintiffs.

2

e.      "<u>Fax List</u>" means the list identified in paragraph 4, beginning on page 8 below.

f.      "<u>John Does Nos. 1-10</u>" shall have the meaning given to that term in the Amended Complaint herein and shall include, without limitation, Roy Edgerton, Charla Thomas, and other persons who may have sent or been involved with the sending of facsimile advertisements on behalf of AHC during the Class Period, and their predecessors, heirs, successors and assigns.

g.      "<u>Missouri Litigation</u>" means that certain lawsuit styled *Douglas Philip Brust, D.C., P.C. v. Analgesic Healthcare, Inc., et al.*, no 4:14-CV-01184 AGF, United States District Court, Eastern District of Missouri.

h.      "<u>Net Settlement Fund</u>" means the Settlement Fund less the costs of administration of this settlement, and less the cost of providing notice to the Settlement Class Members as described in this Settlement Agreement.

i.      "<u>Personal Health Information</u>" means information that (i) is created, maintained or received by any health care provider, health care plan, employer, medical device manufacturer or supplier, or health clearinghouse, and (ii) relates to the past, present, or future physical or mental health or condition of any individual, the provision of health care (including without limitation any medical device), or the past, present or

3

future payment for the provision of healthcare (including without limitation any medical device) to any individual.

j.      "Plaintiffs" means Myrna Zidek, successor to Dr. Dennis Zidek, and Dr. William P. Gress and their respective predecessors, heirs, successors and assigns.

k.      "Released Claims" means any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiffs and Settlement Class Members now have, did have, or may have in the future against the Released Parties, or any of them, under any legal theory, arising from or in any way relating to non-patient facsimile communications sent during the Class Period by or at the direction of AHC or John Does Nos. 1-10 that did not contain Personal Health Information  of any persons and  regardless of whether they contained an opt-out notice in the form described in 47 U.S.C. § 227 and/or regulations promulgated by the Federal Communications Commission to implement the TCPA or any  similar statute, rule, or regulation.  This includes, but is not limited to, all claims that were asserted or could have been asserted in this lawsuit, including TCPA claims, other federal claims and any state law claims, and all claims that are asserted, were asserted or could have been asserted in the Missouri Litigation.

l.      "Released Parties" means AHC and John Does Nos. 1-10, and  their respective past  and present parents, subsidiaries, affiliates, predecessors and  successors  in interest, and  all of those persons' and

4

entities' past and current officers, directors, shareholders, managers, employees, independent contractors, spouses, partners, business partners, consultants, insurers, attorneys, agents, predecessors, heirs, successors and assigns, in such capacities as they relate to the actions that are the subject of this lawsuit. The parties expressly agree that all of the Released Parties that are not parties to this Settlement Agreement are intended third-party beneficiaries of this Settlement Agreement

m. "Settlement Class" means a class defined as follows: All persons and entities with facsimile numbers that, during the Class Period, were sent one or more facsimile communications by, from or at the direction of AHC and/or John Does Nos. 1-10: (i) that did not contain Personal Health Information of any person, and (ii) regardless of whether they contained an opt-out notice as described in 47 U.S.C. §227 and/or regulations promulgated to implement the TCPA.

n. "Settlement Class Administrator" means Class-settlement.com whose contact information is PO Box 9009, Hicksville, NY 11802, or such other person appointed by the Court to implement the terms of this Settlement Agreement.

o. "Settlement Class Counsel" means Edelman, Combs, Latturner, & Goodwin LLC and its attorneys.

p. "Settlement Class Member(s)" means Plaintiffs and any member of the Settlement Class who is not excluded from the Settlement Class pursuant to the terms of this Settlement Agreement.

q.    "Settlement Fund" means the $550,000 settlement fund described in paragraph 5.a., beginning on page 9 below.

5.    Denial of Liability.  AHC and John Does Nos. 1-10 deny violating the TCPA and any other federal or state law, rule or regulation and deny any and all liability to Plaintiffs and/or the Settlement Class.  Defendants are entering into this Settlement Agreement ssolely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all Released Claims.

6.    Plaintiffs' Desire to Settle.  Plaintiffs, individually and on behalf of the Settlement Class, desire to settle their claims against Defendants, having taken into account through Plaintiffs' counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of the substantial amount to be paid pursuant to this Settlement Agreement and the likelihood that further litigation will be protracted and expensive.  Plaintiffs each represent and warrant that they owned or leased the facsimile machine that received the fax at issue in this lawsuit.

7.    Investigation.  Plaintiffs' counsel has investigated the facts and the applicable law.  Based on this investigation, and upon an analysis of the substantial benefits afforded by this Settlement Agreement, Plaintiffs' counsel considers it to be in the best interest of the Settlement Class to enter into this Settlement Agreement.

8.    Agreement.  In consideration of the foregoing, Plaintiffs, Plaintiffs' counsel and Defendants agree to settle the claims of the Plaintiffs and the Settlement Class, subject to the Court's approval, on the following terms and conditions.

6

## **TERMS**

1.  Incorporation of Recitals and Definitions.  The recitals and definitions set forth above are incorporated into this Settlement Agreement.

2.  Effective Date.  This Settlement Agreement shall become effective (hereinafter the "Effective Date") upon the expiration of five (5) business days from the date upon which the Final Approval Order becomes final, which shall be (1) the date on which any and all appeals of the Final Approval Order are resolved in a manner that upholds the Final Approval Order, or (2) if no appeal of the Final Approval Order is filed, the expiration of five (5) business days after the last date by which an appeal of the Final Approval Order could have been commenced.  If there is an appeal from the Final Approval Order, Plaintiffs' and Defendants' obligations under this Settlement Agreement, including, without limitation, payments to Settlement Class Members and payment of any award of attorneys' fees, costs, and expenses shall not commence unless and until all appellate proceedings are fully and finally resolved in a manner that upholds the Final Approval Order and this Settlement Agreement becomes effective.

3.  Certification of Settlement Class.  Solely for the purposes of settlement, the parties stipulate to the certification of the Settlement Class.  Plaintiffs shall seek to be appointed class representatives and Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC shall seek to be appointed Settlement Class Counsel.  The Settlement Class shall be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. Defendant does not consent to certification of the Settlement Class for any purpose other than to effectuate this settlement of the Litigation, and the Settlement Class may not be certified for any purpose other than to implement this Settlement Agreement.  If this Settlement Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is

7

disapproved in a final order by any court of competent jurisdiction, (a) any order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Settlement Agreement's termination or disapproval; (b) this Litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither this Settlement Agreement, nor any of its eexhibits, nor any other associated settlement document may be used in seeking class certification; and (c) Defendants reserve all procedural or substantive rights as of the date of execution of this Settlement Agreement.

4. <u>The Fax List</u>. AHC provided to Settlement Class Counsel a list of the transmission records for which AHC has records to which facsimile communications were sent that did not contain Personal Health Information of any individual (the "Fax List"). According to AHC's records, this number totals 21,276 faxes sent to approximately 3,033 unique fax numbers. Settlement Class Counsel has reviewed the list and determined that persons on the list were sent between 1 and 114 faxes. AHC has made reasonable efforts to identify all unique fax numbers that were sent facsimile communications that did not contain Personal Health Information but do not have complete transmission records. The Fax List should contain both unique fax numbers and the number of facsimile transmissions to each fax number.

5. <u>Relief to Plaintiffs and the Settlement Class</u>. The following relief shall be provided to Plaintiffs and the Settlement Class, subject to the Court's approval:

a. Defendants shall create a $550,000.00 ssettlement fund ("Settlement Fund") which shall be distributed as set forth below;

b. $8,000.00 shall be paid from the Settlement Fund to each Plaintiff as an incentive award in recognition of their services as Class Representatives;

c.      Settlement Class Counsel shall request 1/3 of the Net Settlement Fund (Settlement Fund less Notice and Administrative Expenses) for attorney's fees, and Defendants shall not oppose such request.  Attorneys' fees awarded to Settlement Class Counsel shall be paid from the Settlement Fund;

d.      All notice and administration expenses will be paid from the Settlement Fund.  Reasonable notice and administration expenses up to a maximum of $20,000 will be advanced by Defendants to Settlement Class Counsel within ten (10) business days after entry of the Preliminary Approval Order, and Defendants shall be given a credit on the payment of the Settlement Fund in an amount equal to the amount advanced by Defendants; and

e.      Each Settlement Class Member who submits a valid claim form that results in an allowed claim will receive a check for its *pro rata* share or shares of the Distributable Settlement Fund, after the amounts set forth in subsections (b), (c), (d) and any award of costs are paid (Net Settlement Fund less any Court awarded incentive awards to the Plaintiffs and any attorney's fees).  Each facsimile transmission received by a Settlement Class Member is the equivalent of one settlement share and a Settlement Class Member may have one or multiple settlement shares depending on the number of faxes the member received.  The value of a settlement share shall be calculated by subtracting from the Distributable Settlement Fund the amounts paid to Plaintiffs pursuant to subsection (b) of this paragraph, to Settlement Class Counsel pursuant to subsection (c), and for notice and administration expenses pursuant to subsection (d), and then dividing the remaining balance in the Settlement Fund by the

9

number of settlement shares on the valid claims submitted. Each Settlement Class Member's individual *pro rata* share or shares shall be determined by adding that member's settlement shares together. Settlement Class Members who were sent 20 or more faxes shall be paid for a maximum of 20 settlement shares per unique fax number. AHC contends that their Independent Representatives were likely sent more than 20 facsimile communications that did not contain Personal Health Information.

        f.     The number of settlement shares for Settlement Class Members who are responding to the Notice sent by fax will be determined by the number of faxes that appears on the Fax List provided by AHC unless the Settlement Class Member provides proof or further information of the number of faxes they were sent. The number of settlement shares for Settlement Class Members who are responding to the Publication Notice will be entitled to a single *pro rata* share per unique fax number, unless the Settlement Class Member provides proof or further information of the number of faxes they were sent.

      6.     Any award of attorney's fees and costs and any incentive award to Plaintiff will be distributed from the Settlement Fund within fourteen (14) days following the Effective Date. Within ninety (90) days following the Effective Date, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund in accordance with Paragraphs 5 and 10 of this Settlement Agreement, unless this deadline is extended pursuant to Paragraph 16 of this Settlement Agreement.

      7.     After entry of the Preliminary Approval Order, Settlement Class Members shall have at least sixty (60) days after the date on which notice of the proposed settlement is sent

to the Settlement Class to submit a claim, request exclusion from the Settlement Class or object to the Settlement Agreement.

8.      Costs associated with notice, claims administration and distribution of settlement checks shall be paid from the Settlement Fund.

9.      Checks issued to Settlement Class Members for payment of claims under this Settlement Agreement will be void after sixty (60) days from the date of issuance.  Any Settlement Class Member who does not negotiate the settlement check issued to them within sixty (60) days of the date of issuance agrees that they rescind and withdraw, permanently, their claim for monetary compensation under this Settlement Agreement but remain a member of the Settlement Class and are bound by the terms of this Settlement Agreement.

10.     Undistributed Settlement Funds.  Within thirty (30) days after the last void date of all settlement checks issued to Settlement Class Members, the Settlement Class Administrator will report to the Parties if there are any uncashed checks or unclaimed or undistributed amounts remaining in the Settlement Fund.  Any such unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under this Settlement Agreement have been made shall be distributed to a *cy pres* recipient, selected by AHC and approved by the Court.

11.     Release.  Upon the Effective Date, Plaintiff and all Settlement Class Members who have not been excluded from the Settlement Class shall be deemed to have fully and finally waived and released the Released Claims.

12.     This Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted, or that is pending, with respect to the Released Claims, including without limitation the Missouri Litigation.

11

Without admitting that California law or the laws of any other state apply to this Settlement Agreement or that the release provided by Plaintiff and the Settlement Class is a general release, the Parties agree that upon the Effective Date, the Settlement Class shall be deemed to have waived the provisions and benefits of California Civil Code §1542, which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or settlement with the debtor. Further, Plaintiff and the Settlement Class Members expressly waive any and all provisions and rights or benefits which may be conferred upon them by any law, statute, ordinance or regulation which is similar, comparable or equivalent to California Civil Code §1542.

13. If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

14. <u>Attorneys' Fees, Notice Costs and Related Matters</u>. Settlement Class Counsel or the Class Administrator will administer the Settlement Fund for the benefit of the Settlement Class and will pay the reasonable costs of notice and settlement administration out of the Settlement Fund. Settlement Class Counsel must seek approval from the Court to withdraw from the Settlement Fund any amount greater than $20,000 for costs related to notice and administration. Settlement Class Counsel will not request any fees or costs from Defendants or the Settlement Class other than as set forth in this Settlement Agreement. Defendants agree not to oppose an award of fees to Settlement Class Counsel of no more than 1/3 of the Net Settlement Fund. Defendants agree not to oppose payment from the Settlement Fund of

reasonable expenses incurred in sending notice to the Settlement Class and in administering the Settlement Fund pursuant to the terms of this Settlement Agreement.

15. <u>Notice</u>. Within five (5) days after entry of the Preliminary Approval Order, AHC's Counsel shall provide to Settlement Class Counsel and/or the Class Administrator the Fax List in MS Word or Excel format. Within thirty-five (35) days after entry of the Preliminary Approval Order, the Class Administrator shall cause actual Notice in the form of <u>Exhibit 1</u>, which includes a Claim Form, to be sent to the facsimile numbers identified on the Fax List. Settlement Class Members shall have at least sixty (60) days after this first date on which actual notice is sent to the facsimile numbers identified on the Fax List to submit a Claim Form, request exclusion from the Settlement Agreement, or object to the Settlement Agreement. The Class Administrator shall make at least two additional attempts to transmit the Notice by facsimile to those numbers where the initial transmission fails.

Within twenty-one (21) days after the date that the Notice was first sent by facsimile, the Class Administrator may send the Notice and Claim Form either by facsimile and/or U.S. Mail (if addresses are ascertainable) to each Settlement Class Member identified on the Fax List who did not submit a Claim Form or otherwise respond to the Notice by that date. In the event notice is sent by facsimile, the Class Administrator shall make at least two additional attempts to transmit the Notice by facsimile to those numbers where the initial transmission fails.

Settlement Class Counsel will also post the Notice in the form of <u>Exhibit 1</u>, and this Settlement Agreement (excluding exhibits), on their firm's website. Settlement Class Counsel or the Class Administrator shall provide a copy of the Notice and Claims Form to any Settlement Class Member who contacts either of them and requests a copy of the Notice or Claim Form.

The Class Administrator may create a website which allows for electronic submission of Claim Forms. Any website created by the Class Administrator may also post the Notice, Claim Form, Preliminary Approval Order, and Settlement Agreement (excluding exhibits).

Notice to Settlement Class Members whose prior or current fax numbers are not on the Fax List or otherwise in the possession of AHC shall be by a publication notice (the "Publication Notice"). Specifically, Publication Notice in the form of Exhibit 2 will be published one time in the following publications: *ACA News Magazine, Dynamic Chiropractic* and *The American Chiropractor*, trade publications serving chiropractors; and either *PT Journal and/or PT in Motion, Journal of the American Physical Therapy Association*, trade publications serving physical therapists. Each Publication Notice shall be in the form of Exhibit 2 and shall be no less than ¼ page. The Publication Notice will refer to a website created and maintained by the Class Administrator that posts the documents identified above and provides a method to submit a Claim Form electronically only. Within 14 days of entry of the Preliminary Approval Order, the Class Administrator shall contract for the Publication Notice to be published in the aforementioned publications. The Publication Notice shall appear in the publications identified herein on the same date that the Class Notice by fax is initially transmitted (i.e., within 35 days after entry of the Preliminary Approval Order).

Settlement Class Counsel and/or the Class Administrator shall retain all documents and records generated during the administration of the settlement, including records of notice given to Settlement Class Members, confirmations of transmittals of such notices by facsimile, unconfirmed facsimile transmissions, records of undelivered mail, claim forms, and payment to Settlement Class Members, for a period of one year following the Effective Date. Settlement Class Counsel shall provide Defendants' Counsel with copies of any such documents to inspect,

14

upon reasonable request by counsel for Defendants. The Fax List and all other documents and records generated during the administration of the settlement shall be used for purposes consistent with notice and administration of this Settlement Agreement and for no other purpose.

        16.    <u>Claim Validation</u>. The Class Administrator shall match the fax number provided by the Settlement Class Member on a returned Claim Form to a fax number on the Fax List. If the fax number does not match, then Settlement Class Counsel or the Class Administrator shall follow-up with the Settlement Class Member and inquire if they employed other fax numbers during the Class Period (to ascertain if any different fax number is a number on the Fax List), in an effort to determine whether the claim is a valid claim.

        If the fax number or fax numbers provided on a Claim Form do not match the list, and the follow-up with the Settlement Class Member has not resolved the issue, Settlement Class Counsel or the Class Administrator shall disallow the claim. If a claim is deemed disallowed by the Class Administrator, the Class Administrator must communicate that disallowance of the claim to Settlement Class Counsel and the Settlement Class Member and allow Settlement Class Counsel an opportunity to investigate the basis for disallowing the claim. Settlement Class Counsel shall advise Defendants' Counsel of all claim disallowances. In the event the Parties disagree as to the validity of any Claim Form or whether to disallow a claim, then Settlement Class Counsel will present the disputed claim to the Court for resolution.

        Settlement Class Members who are submitting claims pursuant to the Publication Notice will be able to obtain an electronic Claim Form that may be downloaded from the Class Administrator's website or submitted electronically and each Publication Notice will contain a generic username and password, so that these claims may be separately accounted for and validated. The Class Administrator shall evaluate each Claim Form submitted and either allow

it, disallow it, or seek additional information from the Settlement Class Member who submitted the Claim Form to ascertain whether the Claim Form should be allowed or disallowed. Each Settlement Class Member who submits a Claim Form in response to the Publication Notice will be presumed to have been sent no more than one facsimile communication from Defendants during the Class Period, and thus such Settlement Class Members shall receive one settlement share per unique fax number, EXCEPT THAT, the Class Administrator may allow a Settlement Class Member up to 20 settlement shares if a Settlement Class Member provides proof or other information to the Class Administrator of having been sent more than one facsimile communication from the Defendants during the Class Period.

Settlement Class Members submitting a valid Claim Form shall be paid a *pro rata* share or shares of the Distributable Settlement Fund in accordance with the terms of Paragraph 5.e. of this Settlement Agreement. Settlement Class Members may submit Claim Forms for more than one fax number and more than one settlement share. Settlement Class Members who were sent more than 20 faxes shall be paid for a maximum of 20 settlement shares per unique fax number. AHC submits that the Settlement Class Members who were sent more than 20 faxes likely were and are independent sales representatives affiliated with AHC, and that the facsimile communications likely were "transactional communications," and not "unsolicited advertisements." If AHC's records do not indicate how many faxes were sent to a Settlement Class Member, and the Settlement Class Member cannot provide proof of the number of faxes received, then the Settlement Class Member shall be entitled to a single pro rata share or shares per unique fax number (this includes those who submit claims in response to the Publication Notice).

If a Settlement Class Member is entitled to receive more than $599.99 as its total pro rata share, then such Settlement Class Member will be required to complete and submit a W-9 form. The W-9 forms will be issued to Settlement Class Members as required after entry of the Final Approval Order and before any settlement checks are issued. Settlement Class Members will have thirty (30) days to respond to a request to complete a W-9 form. Submission of a W-9 form is a condition precedent to receiving a settlement check in excess of $599.99. If W-9 forms need to be collected, certain dates set forth in Paragraphs 6, 9, and 10 are reset and calculated as follows: within thirty (30) days following the expiration of time for class members to complete a W-9 form, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund to the Settlement Class Members who have submitted valid claims in accordance with this Paragraph 16; settlement checks to the Settlement Class Members will be void sixty (60) days from date of issuance; and within thirty (30) days following the void date on the Settlement Class Members' checks, any uncashed checks or unclaimed or undistributed funds, the disposition of which will be determined by the Court, will be distributed to a *cy pres* recipient pursuant as set forth in Paragraph 10 of this Settlement Agreement. A Settlement Class Member who is entitled to receive more than $599.99 and fails to submit a completed and valid W-9 form with the Claim Form, shall be deemed to have waived their claim to recover more than $599.99 and the maximum amount such Settlement Class Member may recover is $599.99.

17. <u>Right to Object</u>. Any Settlement Class Member may object to this Settlement Agreement. The deadline to object shall be set by the Court in the Preliminary Approval Order and the Parties shall propose that it be at least sixty (60) days after the entry of the Preliminary Approval Order. Any Settlement Class Member may object to the Settlement Agreement by filing their objection with the Court and mailing a copy of the objection to

Plaintiff's Counsel and Defendants' Counsel. Any objection must include: (a) the name, address, and facsimile phone number of the person(s) or entity objecting to the Settlement Agreement; (b) a statement of the objection to the Settlement Agreement; (c) an explanation of the legal and factual basis for the objection; and (d) documentation, if any, to support the objection. Objecting Settlement Class Members may also appear and be heard at the hearing held by the Court to consider final approval of this Settlement Agreement, personally or through counsel, at their own expense.

18. <u>Right of Exclusion</u>. All Settlement Class Members who properly file a timely written request for exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no rights as Settlement Class Members pursuant to this Settlement Agreement. A request for exclusion must be in writing and state the name, address, and facsimile phone number (to which a fax was sent) of the person(s) or entity seeking exclusion. Each request must also contain a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation." The request must be mailed or faxed to Settlement Class Counsel or the Class Administrator at the address or fax number provided in the Notice and postmarked or received by Settlement Class Counsel or the Class Administrator on or before the deadline for requests for exclusion set by the Court. Only individual Settlement Class Members may submit requests for exclusion: requests for exclusion may not be submitted on behalf of a putative class or subclass of similarly situated Settlement Class Members. Neither the parties, nor Counsel for Defendants, nor Settlement Class Counsel, nor any other person, shall take any affirmative action to encourage Settlement Class Members to exclude themselves from the Settlement Class. Settlement Class Counsel shall provide copies of all requests for exclusion to counsel for the Defendants. A request for

exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked or received by Settlement Class Counsel or the Class Administrator within the time specified, shall be invalid and the person(s) serving such a request shall remain a Settlement Class Member and shall be bound by the terms of this Settlement Agreement, if approved. Settlement Class Members shall have at least sixty (60) days from the date of entry of the Preliminary Approval Order to submit requests for exclusion.

19. <u>Preliminary Approval</u>. As soon as practicable after execution of this Settlement Agreement, Settlement Class Counsel shall file a Motion for Preliminary Approval of this Settlement Agreement and shall present such motion to the Court requesting the entry of a Preliminary Approval Order substantially in the form of <u>Exhibit 3</u> or in such other form as is mutually acceptable to the Parties:

20. <u>Final Approval</u>. Settlement Class Counsel shall file a memorandum in support of final approval of this Settlement Agreement, which shall include Settlement Class Counsel's request for an award of attorney's fees and costs, at least seven (7) days prior to the date the Court sets for the final approval hearing. The Parties shall request that the Court enter a Final Approval Order substantially in the form of <u>Exhibit 4</u>, or in another form which is mutually acceptable to the Parties. Pursuant to the Class Action Fairness Act of 2005 ("CAFA") within ten (10) days after entry of the Preliminary Approval Order, Defendant's Counsel shall provide notice of the proposed settlement to the Attorney General of the United States and the attorneys general of every State in which Settlement Class Members reside, including the information required by 28 U.S.C. § 1715(b). The Final Approval Order shall not be entered until the expiration of at least ninety (90) days from the latest date on which such notice is provided.

19

Entry of a Final Approval Order substantially in the form of Exhibit 4 or in another form which is mutually acceptable to the Parties is a condition precedent to this Settlement Agreement becoming effective. In the event a Final Approval Order substantially in the form of Exhibit 4 or in another form which is mutually acceptable to the Parties is not entered then this Settlement Agreement shall be null and void and is rescinded.

21.     The fact that the Court may require non-substantive changes to documents attached as Exhibits 1 through 4 shall not invalidate this Settlement Agreement.

22.     Release of Attorneys' Lien.     In consideration of this Settlement Agreement, Settlement Class Counsel hereby waives, discharges and releases the Released Parties of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with this Litigation.

23.     Applicable Law.     This Settlement Agreement shall be governed by and interpreted in accordance with the internal laws of the State of Illinois.

24.     Miscellaneous Provisions.     The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Settlement Agreement, and to use their best efforts to effect the consummation of this Settlement Agreement and the settlement provided for herein. Whether or not this Settlement Agreement and the settlement contemplated hereunder are consummated, this Settlement Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

25.     Benefit of this Settlement Agreement.     This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiffs, the Released Parties and Settlement Class Members, and each of their respective successors and personal representatives,

predecessors, affiliates, heirs, executors and assigns. It is expressly understood by the Parties that all Released Parties who are not parties to this Settlement Agreement are intended third-party beneficiaries of this Settlement Agreement.

26. <u>Delivery of Settlement Fund</u>. Defendants or persons acting on their behalf shall within three (3) business days prior to the date of the Final Approval Hearing, transfer to defendants' counsel, Akerman LLP, to be held in its Client Trust Account for the Settlement Class, the Settlement Fund of $550,000 (less any amounts advanced for notice and administration costs). Defendants' Counsel shall notify Class Counsel in writing on or before the date of the Final Approval Hearing that the Settlement Fund (less any costs advanced) has been deposited in the Client Trust Account of Defendants' Counsel. On the Effective Date, Defendants' Counsel shall issue a check or wire the Settlement Fund to the Client Trust Account of Class Counsel and Class Counsel agrees to hold such funds in trust for the benefit of the Settlement Class and shall not disburse any funds from the Settlement Fund unless in accordance with this Agreement or as ordered by the Court. Class Counsel is to provide Akerman LLP with wire instructions for said transfer upon entry of the Final Approval Order.

27. <u>Authority</u>. The Parties hereby represent to one another that they have full power and authority to enter into this Settlement Agreement and carry out their obligations.

28. <u>Right to Set Aside Settlement Agreement</u>. Defendants shall have the right, but not the obligation, to terminate this Settlement Agreement, if more than 200 Settlement Class Members submit non-duplicative, timely and valid requests for exclusion from the Settlement Class. Defendants must timely exercise their right to rescind the Settlement Agreement by filing a Notice of Termination with the Clerk of the Court prior to the entry of a Final Approval Order by the Court.

29.     <u>Entire Agreement</u>.   Any and all prior understandings and agreements between the Parties with respect to the subject matter of this Settlement Agreement are merged into and with this Settlement Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof.   This Settlement Agreement may be amended, modified or changed only by a written instrument or instruments executed by duly authorized officers or other representatives of the Parties expressly amending, modifying or changing this Settlement Agreement and may not be amended, modified or changed orally.

30.     <u>Counterparts</u>.     This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument.   Signatures provided by facsimile or e-mail shall be deemed legal and binding for all purposes.

31.     <u>Headings</u>.  The headings in this Settlement Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Settlement Agreement, nor to control or affect meanings, constructions or the effect of this Settlement Agreement.

*SIGNATURES ON NEXT PAGE*

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.

PLAINTIFFS:

DEFENDANTS:

ANALGESIC HEALTHCARE, INC. and
JOHN DOES 1-10

MYRNA ZIDEK

By: _____
Roy Edgerton, CEO

DR. WILLIAM P. GRESS

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
Telephone: (312) 739-4200
Counsel for Plaintiffs and the Settlement Class

Mark J. Bernet
AKERMAN, LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
E-mail: mark.bernet@akerman.com
Secondary: doris.zsurka@akerman.com

Julia R. Lissner
Stacey L. Callaghan
AKERMAN, LLP
71 S. Wacker Drive, 46th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Counsel for Analgesic Healthcare, Inc.
  and "John Does 1-10"

23

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.

PLAINTIFFS:                                DEFENDANTS:

                                           ANALGESIC HEALTHCARE, INC. and
                                           JOHN DOES 1-10

_____
MYRNA ZIDEK                                By:_____

                                           Title:_____


_____
DR. WILLIAM P. GRESS


_____            _____
Daniel A. Edelman                          Mark J. Bernet
Heather Kolbus                             AKERMAN, LLP
EDELMAN, COMBS, LATTURNER                  401 E. Jackson Street, Suite 1700
 & GOODWIN, LLC                            Tampa, Florida 33602
20 S. Clark Street, Suite 1500             Telephone: (813) 223-7333
Chicago, IL 60603                          E-mail: mark.bernet@akerman.com
Telephone: (312) 739-4200                  Secondary: doris.zsurka@akerman.com
Counsel for Plaintiffs and the Settlement Class

                                           Julia R. Lissner
                                           Stacey L. Callaghan
                                           AKERMAN, LLP
                                           71 S. Wacker Drive, 46th Floor
                                           Chicago, Illinois 60606
                                           Telephone: (312) 634-5700
                                           Counsel for Analgesic Healthcare, Inc.
                                            and "John Does 1-10"

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly

executed and delivered by their duly authorized representatives on the date last written below.

PLAINTIFFS:                                      DEFENDANTS:

                                                 ANALGESIC HEALTHCARE, INC. and
                                                 JOHN DOES 1-10

_____
MYRNA ZIDEK                                      By:_____

                                                 Title:_____
_____
DR. WILLIAM P. GRESS

_____
Daniel A. Edelman                                Mark J. Bernet
Heather Kolbus                                   AKERMAN, LLP
EDELMAN, COMBS, LATTURNER                        401 E. Jackson Street, Suite 1700
  & GOODWIN, LLC                                 Tampa, Florida 33602
20 S. Clark Street, Suite 1500                   Telephone: (813) 223-7333
Chicago, IL 60603                                E-mail: mark.bernet@akerman.com
Telephone: (312) 739-4200                        Secondary: doris.zsurka@akerman.com
Counsel for Plaintiffs and the Settlement Class

                                                 Julia R. Lissner
                                                 Stacey L. Callaghan
                                                 AKERMAN, LLP
                                                 71 S. Wacker Drive, 46th Floor
                                                 Chicago, Illinois 60606
                                                 Telephone: (312) 634-5700
                                                 Counsel for Analgesic Healthcare, Inc.
                                                   and "John Does 1-10"

# EXHIBIT 1

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
*ZIDEK v. ANALGESIC HEALTHCARE INC., 13 C 7742*

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*THIS IS **NOT** A SOLICITATION.*
*THE SENDING OF THIS NOTICE BY FACSIMILE HAS BEEN PRELIMINARILY APPROVED BY THE COURT.*
**PLEASE READ THIS NOTICE CAREFULLY.**
**IF YOU WISH TO BE PAID BENEFITS UNDER THIS SETTLEMENT, SUBMIT A CLAIM FORM BY DATE, 2015.**

**To All Members of the Following Class:**

All persons and entities with facsimile numbers that during the Class Period (October 29, 2009, through and including December 15, 2014), were sent one or more facsimile communications by, from or at the direction of Analgesic Healthcare, Inc. ("AHC") and/or John Does 1-10: (i) that did not contain Personal Health Information of any person, and (ii) regardless of whether they contained an opt-out notice as described in 47 U.S.C. §227 and/or regulations promulgated to implement the TCPA. (the "Settlement Class").

"Personal Health Information" means information that (i) is created, maintained or received by any health care provider, health care plan, employer, medical device manufacturer or supplier, or health clearinghouse, and (ii) relates to the past, present, or future physical or mental health or condition of any individual, the provision of health care (including without limitation any medical device), or the past, present or future payment for the provision of healthcare (including without limitation any medical device) to any individual.

**I.        WHY IS THIS NOTICE BEING SENT?**

You have been identified as having been sent one or more facsimile communications by, from or at the direction of AHC and/or John Does 1-10: (i) that did not contain Personal Health Information of any person, and (ii) regardless of whether they contained an opt-out notice.   As a result of this lawsuit you may be eligible to receive a *pro rata* share or shares of a Settlement Fund under a proposed settlement of a class action lawsuit if they submit a Claim Form by DATE, 2015. The lawsuit is pending in federal court in Chicago, Illinois.  The hearing to approve the settlement will be held on DATE, 2015 at TIME a.m., before Judge Leinenweber, Courtroom 1941 of the U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604.

**II.      SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS**

**(1)   Submit a Claim Form**:  This is the only way to get a cash payment.  The deadline to submit a claim is DATE, 2015.  Settlement Class Members who submit valid claims may expect to recover one equal share of the Distributable Settlement Fund for each facsimile transmission sent to each Settlement Class Member up to 20 shares. Settlement Class Members who were sent more than 20 faxes shall be paid for a maximum of 20 settlement shares per unique fax number. See Sections IV and V.

**(2)  Exclude Yourself:**  Get no payment.  This is the only option that allows you to ever be part of any other lawsuit about the legal claims in this case.  The deadline to exclude yourself and "opt out" of the settlement is DATE, 2015.  See Section VII.

**(3) Object:**  Write to the Court about why you don't like the settlement or any part of it.  The deadline to object is DATE, 2015.  See Section VIII.

**(4)  Go to a Hearing:**  Ask to speak in Court about the fairness of the settlement. The final approval hearing is scheduled for DATE, 2015 at TIME.  See Section I.

**(5) Do Nothing:**  Get no payment.  Give up rights.  See Section VI.

These rights and options—**and the deadlines to exercise them**—are explained further in this Notice.

**III.     WHAT IS THE LAWSUIT ABOUT?**

Plaintiffs Myrna Zidek, successor to Dr. Dennis Zidek, and Dr. William P. Gress (collectively, "Plaintiffs") sued AHC and John Does 1-10 alleging that they received unsolicited facsimile advertisements from AHC and that the sending of those faxes and others like it violated a federal law called the federal Telephone Consumer Protection Act, the Illinois Consumer Fraud Act and the Illinois common law (conversion, private nuisance, trespass to chattels).  Plaintiffs sought to represent a class of persons to whom AHC sent unsolicited facsimile advertisements. AHC denies these allegations but has agreed to settle to avoid the costs and uncertainties of litigation.

**IV.     WHAT IS THE PROPOSED SETTLEMENT?**

Under the proposed settlement, AHC has agreed to pay a Settlement Fund in the amount of $550,000.  The Settlement Fund will cover an award to Plaintiffs ($8,000 each, in addition to their recovery as a class member), attorney's fees (in the amount of 1/3 of the Net Settlement Fund or no less than $176,666.66), and costs of notice and administration (up to a maximum of $20,000).  After these amounts are deducted, each Settlement Class Member who submits a valid claim by DATE, 2015 will receive an equal share of the remaining funds based on the number of facsimile transmission each Settlement Class Member was sent (a "Settlement Share").  Your Settlement Share depends on how many Settlement Class Members submit claim forms and how many fax transmissions each Settlement Class Member was sent.  This notice is being sent to approximately 3,042 persons or entities.  These 3,042 persons or entities were collectively sent a total of approximately 21,279 fax transmissions. Settlement Class Members were sent between 1 and 114 facsimile advertisements. Settlement Class Members who were sent more than 20 faxes shall be paid for a maximum of 20 settlement shares per unique fax number. The number of fax transmissions sent to each Settlement Class Member varies.  The recovery to the Settlement Class Members is estimated and is subject to change based on court approval.

**V.       HOW DO I GET A PAYMENT?**

If you are part of the class described above, in order to receive a monetary award under the Settlement Agreement, you must complete and submit the claim form to [settlement administrator] using your unique username and password, or via mail or fax to the Class Administrator, [address, city, state zip code] or [XXX-XXX-XXXX] (FAX).  Claim forms must be submitted online, faxed or postmarked by DATE, 2015.  Settlement shares will be based on the number of faxes AHC's records indicate were sent to each Settlement Class Member.  If AHC's records do not indicate how many faxes were sent to a Settlement Class Member, then the Settlement Class Member will be entitled to a single Settlement Share per unique fax number.  Settlement Class Members may submit information to show the number of faxes they were sent if AHC's records do not indicate the number of faxes they were sent. If your payment exceeds $599.99, you will be asked to submit a W-9 form in order to receive your payment.

**VI.     WHAT AM I GIVING UP?**

If the settlement becomes final, you will be releasing AHC and John Does 1-10 from any claims arising from or in any way relating to non-patient facsimile communications sent during the Class Period by or at the direction of AHC or John Does 1-10 that did not contain Personal

Health Information of any persons regardless of whether they contained an opt out notice in the form described in 47 U.S.C. § 227 and/or regulations promulgated by the Federal Communications Commission to implement the TCPA or any similar statute, rule, or regulation. This release is more fully explained in paragraph 11 of the Settlement Agreement. The Settlement Agreement is available at the Clerk's Office during regular business hours, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, and is also posted on [settlement administrator's website] and on www.edcombs.com. You will need to reference case number 13 C 7742.

## VII.  EXCLUDING YOURSELF FROM THE SETTLEMENT

You will be a member of the Settlement Class unless you exclude yourself from the Settlement Class. You need not take any action to remain in the Settlement Class but you need to submit a Claim Form by **DATE, 2015** to be eligible to receive a payment.

If you want to keep the right to sue AHC and John Does 1-10 over any of the legal issues that were raised or could have been raised in this case by any members of the Settlement Class, then you must take steps to get out of the settlement. This is called asking to be excluded from – or sometimes called "opting out" – of the class. To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the proposed settlement class in *Zidek v. Analgesic Healthcare Inc.*, 13 C 7742. Be sure to include your name, address, the number for the facsimile machine on which you were sent a fax advertisement and your signature by **DATE, 2015**. Send the letter to **Class Counsel at the address or fax number provided in paragraph IX or the Class Administrator at the address or fax number provided in paragraph V.** If you opt out, you will not receive any payment from the Settlement Fund, you cannot object to the Settlement and you will not be bound by anything that happens in this lawsuit.

## VIII.  OBJECTING TO THE SETTLEMENT.

Either on your own or through an attorney you hire, you can tell the Court that you don't agree with the settlement or some part of it. You must explain why you think the Court should not approve the settlement. Any objection must include your name, address, the telephone number for the facsimile machine on which you were sent the fax advertisements, a statement of your objection to the Settlement Agreement, and an explanation of the legal and factual reasons you object to the settlement and documentation, if any, to support your objection, by **DATE, 2015**. The Court may only consider any objections submitted or filed by **DATE, 2015**.

Objecting is simply telling the Court that you don't like something about the Settlement. You can object ONLY if you stay in the class. If you exclude yourself, you can't object. Any objections or appearances may be filed with the Court and reference case number 13 C 7742 and mailed to **Class Counsel at the address provided in paragraph IX and AHC and John Does 1-10's Counsel at the following address: Mark J. Bernet, AKERMAN LLP, 401 E. Jackson Street, Suite 1700, Tampa, FL 33602.**

## IX.  WHO REPRESENTS THE CLASS?

The Court has appointed the following law firm to represent you and other members of the Settlement Class in this lawsuit:

**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC (26182)**
20 S. Clark St., Suite 1500
Chicago, IL 60603
(312) 739-4200   (312)  419-0379  (FAX)   www.edcombs.com

This firm represents your interests in this lawsuit. You may contact

them with any questions that you have about the lawsuit or the Settlement. You do not have to pay the fees of Class Counsel. You may also hire your own attorney at your own cost to appear on your behalf.

## X.  CAN I GET MORE INFORMATION?

This notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. You may inspect the pleadings and other papers (including the proposed Settlement Agreement) that have been filed in case number 13 C 7742, at the office of the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604. The Settlement Agreement (excluding exhibits) is also available on [settlement administrator's website] and on www.edcombs.com. If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel at the address and phone number listed above. **DO NOT CONTACT THE COURT OR DEFENDANT FOR INFORMATION.**

BY ORDER OF THE U.S. DISTRICT COURT, N.D. Ill.

## CLAIM FORM

### *ZIDEK v. ANALGESIC HEALTHCARE INC.*, 13 C 7742 (N.D. Ill.)

**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT, THIS CLAIM FORM MUST BE SUBMITTED ONLINE USING YOUR UNIQUE USER ID AND PASSWORD OR FAXED OR POSTMARKED ON OR BEFORE DATE, 2015 TO THE FOLLOWING:**

**SETTLEMENT ADMINISTRATOR
ADDRESS
CITY STATE ZIP CODE
XXX-XXX-XXXX (FAX)**

Please print or type the following information:

NAME OF PERSON OR ENTITY WITH THE FAX NUMBER(S):

_____

CURRENT MAILING ADDRESS:

ADDRESS: _____

CITY/STATE: _____

ZIP CODE: _____

FAX NUMBER(S): _____

NUMBER OF FAXES SENT TO YOU BY, FROM OR AT THE DIRECTION OF ANALGESIC HEALTHCARE, INC. ("AHC") and/or JOHN DOES 1-10:_____
*If AHC's records do not indicate how many faxes were sent to you, then you may be requested to provide proof or other information to show the number of faxes you were sent.*

By submitting this Claim Form, I am verifying that I had the fax number(s) provided above at some point in time between October 29, 2009 through and including December 15, 2014.

_____
Signature

**IT IS YOUR RESPONSIBILITY TO KEEP A CURRENT ADDRESS ON FILE WITH THE CLASS ADMINISTRATOR. IF PAYMENT TO A CLASS MEMBER EXCEEDS $599.99, YOU WILL BE ASKED TO SUBMIT A W-9 FORM IN ORDER TO RECEIVE YOUR PAYMENT.**

# EXHIBIT 2

## NOTICE OF CLASS ACTION
## AND PROPOSED SETTLEMENT IN
### *ZIDEK  v. ANALGESIC HEALTHCARE INC.,*
### (N.D. Ill. 13-C-7742)

TO:    All persons and entities with facsimile numbers that during the Class Period (October 29, 2009, through and including December 15, 2014), were sent one or more facsimile  communications by, from or at the direction of Analgesic Healthcare Inc. ("AHC") and/or John Does 1-10:  (i) that did not contain Personal Health Information of any person, and (ii) regardless of whether they contained an opt-out  notice as described in 47 U.S.C. § 227 and/or regulations promulgated to implement the TCPA (the "Settlement Class").

Personal Health Information means information that (i) is created, maintained or received by any health care provider, health care plan, employer, medical device manufacturer or supplier, or health clearinghouse, and (ii) relates to the past, present, or future physical or mental health or condition of any individual, the provision of health care (including without limitation any medical device), or the past, present or future payment for the provision of healthcare (including without limitation any medical device) to any individual.

This notice relates to the settlement of a class action lawsuit that stems from allegations by the named Plaintiffs that Analgesic Healthcare Inc. ("AHC") and John Does 1-10 sent unsolicited advertisements by fax in violation of the Telephone Consumer Protection Act, Illinois Consumer Fraud Act and Illinois common law (conversion, private nuisance, and trespass to chattels).  Such claims have been expressly denied by Defendants; however, a settlement has been reached between the Parties to this Litigation.

If you were sent one or more facsimile communications by, from or at the direction of AHC and/or John Does 1-10 that did not contain Personal Health Information of any person, and regardless of whether they contained an opt out notice as described in 47 U.S.C. § 227, your rights may be affected by the proposed settlement of this class action lawsuit.  You may be entitled to money.  Settlement shares will be based on the number of faxes AHC's records indicate were sent to each Settlement Class Member.  If AHC's records do not indicate how many faxes were sent to a Settlement Class Member, then the Settlement Class Member will be entitled to a single Settlement Share per unique fax number. Settlement Class Members may submit proof or other information to show the number of faxes they were sent if AHC's records do not indicate the number of faxes they were sent. This notice is intended only as a summary of the lawsuit and proposed settlement.  It is not a complete statement of the lawsuit or the proposed settlement. The Settlement Agreement is available on [settlement administrator's website], from Settlement Class Counsel at www.edcombs.com,  or at the Clerk's Office, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604.  If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel at EDELMAN, COMBS, LATTURNER & GOODWIN, LLC, 20 S. Clark St., Suite 1500, Chicago, IL  60603 (312) 739-4200.

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MYRNA ZIDEK, | ) | |
| successor to DR. DENNIS ZIDEK, | ) | |
| and DR. WILLIAM P. GRESS, | ) | |
| on behalf of plaintiffs and | ) | |
| the class members defined herein, | ) | |
| | ) | |
| Plaintiffs, | ) | 13 C 7742 |
| | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| ANALGESIC HEALTHCARE, INC., | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiffs Myrna Zidek successor to Dr. Dennis Zidek and Dr. William P.

Gress (collectively, "Plaintiffs)for Preliminary Approval of Class Action Settlement (the

"Motion"), which seeks preliminary approval of a class settlement with Defendant Analgesic

Healthcare, Inc. ("AHC") and John Does Nos. 1-10 (collectively with AHC "Defendants"), and

of the proposed form and manner of notice to the class, came on for hearing on [DATE], 2015.

Having considered the Motion, the signed Settlement Agreement between the Parties (the

"Settlement Agreement") attached as Appendix A to the Motion, all other evidence submitted

concerning the Motion, and being duly advised in the premises, this Court specifically finds that:

(a)     On October 29, 2013, Plaintiff Zidek filed a class action complaint,

captioned *Dr. Dennis Zidek v. Analgesic Healthcare, Inc., et al.*, Case No. 13 C 7742, in the

United States District Court for the Northern District of Illinois (the "Litigation").  The

complaint was subsequently amended adding Myrna Zidek, as successor to the deceased Dr.

Dennis Zidek, and Dr. William P. Gress, as an additional plaintiff and class representative.

1

Plaintiffs allege that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and committed common law torts (conversion, private nuisance, and trespass to chattels) by transmitting unsolicited facsimile advertisements.

(b)     On July 1, 2014, another class action complaint was filed against AHC by Douglas Phillip Brust, D.C., P.C., alleging that AHC violated the TCPA and committed common law conversion by transmitting unsolicited facsimile advertisements that did not display a proper opt out notice.  That case is pending in the United States District Court for the Eastern District of Missouri, Case No. 4:14-CV-01184 AGG (the "Missouri Litigation").

(c)     The Defendants deny violating the TCPA and any other federal or state law, rule or regulation and deny any liability to Plaintiffs or any other person or entity. Defendants desire to settle the Litigation solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiffs or any other person or entity now have, did have, or may have in the future against the Defendants or any related person or entity, under any legal theory, including TCPA claims, other federal claims and any state law claims, arising from or in any way relating to facsimile communications sent during the Class Period (October 29, 2009, through and including December 15, 2014), sent by, from or at the direction of AHC and/or John Does 1-10: (i) that did not contain Personal Health Information of any persons; and (ii) regardless of whether they contained an opt-out notice as described in 47 U.S.C. § 227 and/or regulations promulgated by the Federal Communications Commission to implement the TCPA.[1]

---

[1]   As used in this Preliminary Approval Order, the term "Personal Health Information" means information that (i) is created, maintained or received by any health care provider, health care plan, employer, medical device manufacturer or supplier, or health clearinghouse, and (ii) relates to the past, present, or future physical or mental health or condition of any individual, the

(d)     AHC provided to Settlement Class Counsel a list of the transmission records for which they have records to which any facsimile communications were sent that did not contain Personal Health Information of any individual (the "Fax List"). According to AHC's records, this number totals 21,279 faxes sent to approximately 3,042 unique fax numbers. Settlement Class Counsel has reviewed the list and determined that persons on the list were sent between 1 and 114 faxes. AHC has made all reasonable efforts to identify all unique fax numbers that were sent facsimile communications that did not contain Personal Health Information but do not have complete transmission records. The Fax List should contain both unique fax numbers and the number of facsimile transmissions to each fax number.

(e)     Plaintiffs, individually and on behalf of a class, desire to settle their claims against Defendants, having taken into account through Plaintiffs' counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of the substantial amount to be paid pursuant to the settlement negotiated by the Parties and the likelihood that further litigation will be protracted and expensive.

(f)     The settlement memorialized in the Settlement Agreement (the "Class Action Settlement") has been negotiated in good faith and at arm's length between the Parties and is preliminarily determined to be fair, reasonable, adequate and in the best interests of the class as defined in the Settlement Agreement[2] (the "Settlement Class").

(g)     The plan for notice of the proposed Class Action Settlement as provided for in the Settlement Agreement fully complies with the requirements of Federal Rule of Civil

---

provision of health care (including without limitation any medical device), or the past, present or future payment for the provision of healthcare (including without limitation any medical device) to any individual.

[2] Any capitalized term(s) not otherwise defined in this Order Granting Motion for Preliminary Approval of Settlement are defined in accordance with the definitions in the Settlement Agreement.

Procedure ("Rule") 23(c)(2)(B) and (e)(1) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the Class Action Settlement.

(h)     For settlement purposes only, this Court also finds that (i) certification of the Settlement Class is appropriate under Rule 23(a) and (b)(3), Fed. R. Civ. P., and specifically that (ii) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, (iii) Plaintiffs' claims are typical of the claims of the Settlement Class, (iv) Plaintiffs meet the requirements to represent the Settlement Class pursuant to Rule 23(a)(4), Fed. R. Civ. P., and will fairly and adequately represent the interests of the Settlement Class, (v) Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC meet the requirements to be appointed class counsel pursuant to Rule 23(g), Fed. R. Civ. P., (vi) a class action is the superior method for the fair and efficient adjudication of this controversy, and (vii) the members of the Settlement Class will receive the best notice of the Class Action Settlement practicable pursuant to Rule 23 (c)(2)(B) and (e)(1), Fed. R. Civ. P. if notice is provided in the manner described in the Settlement Agreement and as specifically ordered below.

**IT IS THEREFORE ORDERED THAT:**

1.     This Court has jurisdiction over Plaintiffs, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2.     The Class Action Settlement as memorialized in the Settlement Agreement has been negotiated in good faith and at arm's length and is preliminarily determined to be fair, reasonable, adequate and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by the Litigation.

4

3.      Solely for the purposes of settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3), the following Settlement Class is hereby preliminarily certified:

> All persons and entities with facsimile numbers that, during the Class Period (October 29, 2009, through and including December 15, 2014) were sent facsimile communications by, from or at the direction of AHC and/or John Does 1-10:  (i) that did not contain Personal Health Information of any person; and (ii) regardless of whether they contained an opt-out notice as described in 47 U.S.C. § 227 and/or regulations promulgated by the Federal Communications Commission to implement the TCPA.

4.      The Settlement Class is preliminarily certified for no purpose other than to effectuate the Class Action Settlement as specifically memorialized in the Settlement Agreement. If the Settlement Agreement is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by this Court or any court of competent jurisdiction, then (a) this Order Granting Motion for Preliminary Approval of Settlement (the "Preliminary Approval Order") and all preliminary and/or final findings herein or stipulations of the Parties regarding certification of the Settlement Class shall be automatically vacated upon notice to this Court of the Settlement Agreement's termination or disapproval; (b) the above-captioned litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither the Settlement Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and (c) Defendant shall be deemed to have reserved all procedural and/or substantive rights as of the date of execution of the Settlement Agreement.

5.      Pursuant to Rule 23(a)(4), Fed. R. Civ. P., the Court preliminarily designates Plaintiffs Myrna Zidek and Dr. William P. Gress as the class representatives of the Settlement Class (the "Class Representatives").

6.      Pursuant to Rule 23(g), Fed. R. Civ. P., the Court preliminarily appoints the following lawyers as class counsel: Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603 (together, "Settlement Class Counsel").

7.      The class administrator shall be Class-settlement.com, PO Box 9009, Hicksville, NY 11802 (the "Class Administrator").

8.      By no later than ten (10) business days after entry of this Preliminary Approval Order, Defendant shall advance $20,000 for notice and administration expenses to Settlement Class Counsel. Defendant shall be given a credit on the payment of the Settlement Fund in an amount equal to the amount advanced.

9.      Payments for notice and administration expenses shall be paid out of the Settlement Fund. Settlement Class Counsel must seek approval from the Court to withdraw from the Settlement Fund any amount greater than $20,000 to pay notice and administration expenses. Any costs paid by Defendants for notice and administrative expenses shall not be included in any request by Settlement Class Counsel for reimbursement at final approval of the Class Action Settlement.

10.     Prior to the Effective Date, as that date is defined in the Settlement Agreement, in the event that (a) the Settlement Agreement is terminated pursuant to its terms; (b) the Settlement Agreement is not approved by this Court or otherwise does not become effective; or (c) any order of this Court finally approving the Class Action Settlement is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then Settlement Class Counsel or their agent shall return the Settlement Fund, less costs not exceeding $20,000 actually incurred for notice and administration, to counsel of record for Defendants within three

(3) business days of that event.  Until the Effective Date, no payments or distributions may be made from the Settlement Fund other than for class notice and administration expenditures, unless approved by this Court.

11.     Within five (5) days after entry of this Order, AHC's Counsel shall provide to Settlement Class Counsel and/or the Class Administrator the Fax List in MS Word or Excel format.  The Fax List shall be used for purposes consistent with notice and administration of the Class Action Settlement and for no other purpose.

12.     As specifically set forth in the Settlement Agreement, the notice to the Settlement Class shall give notice of the Settlement Agreement, its terms, the right to request exclusion, the right to object to the Class Action Settlement and the right to submit a claim.  The Settlement Agreement's plan for notice is the best class notice practicable under the circumstances and satisfies the requirements of due process and Rule 23, Fed R. Civ. P.  That notice plan is hereby approved and adopted.

13.     The form of notice that the Class Administrator shall provide is attached to the Settlement Agreement as Exhibit 1 (the "Notice"), which includes a Claim Form that the Class Administrator shall provide to all Class Members.  Settlement Class Counsel is ordered to cause the Class Administrator to send the Notice and Claim Form to each member of the Settlement Class in the manner specified in the Settlement Agreement by no later than thirty-five (35) days after entry of this Preliminary Approval Order.  The Class Administrator shall make at least two attempts to transmit the Notice by facsimile to those numbers where the initial transmission failed.  Settlement Class Counsel shall also post the Notice and a copy of the Settlement Agreement (excluding exhibits), on www.edcombs.com.  Twenty-one days after the date that Notice was first sent by fax, a supplemental notice will be sent to those Settlement Class

7

Members on the Fax List either by fax and/or U.S. Mail who did not submit a Claim Form or otherwise respond to the class notice by that date.

14.     Notice to Class Members whose prior or current fax numbers are not on the Fax List or otherwise in the possession of Defendants shall be made by a Publication Notice in the form of Exhibit 2 to the Settlement Agreement.  Exhibit 2 shall be published one time in the following publications:  *ACA News Magazine, Dynamic Chiropractic, The American Chiropractor,* and either *PT Journal* and/or *PT in Motion*, *Journal of the American Physical Therapy Association*.  Each Publication Notice shall be in the form of Exhibit 2 and shall be no less than ¼ page.  Within 14 days of entry of this Preliminary Approval Order, the Class Administrator shall contract for the Publication Notice to be published in the aforementioned publications.  The Publication Notice shall appear in the publications identified herein on the same dates that the Class Notice by fax is initially transmitted (i.e., within 35 days after entry of this Preliminary Approval Order).

15.     To effectuate the Class Action Settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Forms:

(a)     Claim Forms shall be returned by members of the Settlement Class to Settlement Class Counsel or the Class Administrator online, by fax, or by mail postmarked on or before [DATE], 2015.  Members of the Settlement Class shall have at least sixty (60) days after the first date on which Notice is sent to submit claims.  Claims not submitted by this date shall be barred, although a Settlement Class Member's failure to file a claim timely shall not exclude such Class Member from membership in the Settlement Class.  Settlement Class Members who were

sent 20 or more faxes shall be paid for a maximum of 20 settlement shares per unique fax number.

(b)    Objections of any member(s) of the Settlement Class, all briefs and/or other materials filed by any member(s) of the Settlement Class in support of objections, and/or any appearance of an attorney on behalf of any member(s) of the Settlement Class may be filed in this Court and served by mail postmarked to Settlement Class Counsel and counsel for the Defendants on or before [DATE], 2015. Each objection must include: (i) the name, address, and facsimile phone number of the person(s) or entity objecting to the Settlement Agreement; (ii) a statement of the objection to the Settlement Agreement; (iii) an explanation of the legal and factual basis for the objection; and (iv) documentation, if any, to support the objection. Members of the Settlement Class shall have at least sixty (60) days after the date on which Notice is sent to submit any objections to the Settlement.

(c)    A request by any member of the Settlement Class for exclusion from the Class Action Settlement must be in writing and state the name, address, and facsimile phone number (to which a facsimile was sent during the Class Period) of the person(s) or entity seeking exclusion. Each request for exclusion must also contain a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation." The request must be mailed or faxed to Settlement Class Counsel or the Class Administrator at the address or facsimile number provided in the Notice and postmarked or received by Settlement Class Counsel or the Class Administrator on or before [DATE], 2015. Settlement Class Counsel shall provide copies of all requests for exclusion to counsel for the Defendants. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked or received by Settlement Class

9

Counsel or the Class Administrator within the time specified, shall be invalid and the person(s) serving such a request shall remain a member of the Settlement Class and shall be bound by the terms of the Settlement Agreement, if finally approved by the Court. Members of the Settlement Class shall have at least sixty (60) days after the first date on which Notice is sent to submit requests for exclusion.

16.     By [DATE], 2015, Settlement Class Counsel shall file with the Court a list of the individual members of the Settlement Class requesting exclusion from the Settlement Class.

17.     Defendants shall have the right, but not the obligation, to terminate the Settlement Agreement if more than 200 members of the Settlement Class submit non-duplicative, timely and valid requests for exclusion from the Settlement Class. Defendants must timely exercise their right to terminate the Settlement Agreement by filing a Notice of Termination with the Clerk of the Court prior to the entry of any order of this Court granting final approval of the Class Action Settlement.

18.     Settlement Class Counsel or the Class Administrator shall file an affidavit regarding completion of notice to the Settlement Class by [DATE], 2015.

19.     Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), by no later than [DATE], 2015. No order finally approving the Class Action Settlement memorialized in the Settlement Agreement shall be entered until the expiration of at least ninety (90) days from the latest date on which such notice is provided.

20.     Any responses to objections filed by members of the Settlement Class shall be filed with the Court by no later than [DATE], 2015. There shall be no replies from objectors.

21.     The final hearing to determine whether the Class Action Settlement memorialized in the Settlement Agreement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on [DATE], 2015, at _____.

22.     Settlement Class Counsel shall file a  petition for attorney's fees and costs at least 30 days prior to the deadline to submit claims, opt outs, or objections.  Settlement Class Counsel shall file a memorandum in support of final approval of the Class Action Settlement memorialized in the Settlement Agreement, at least seven (7) days prior to [DATE OF FINAL APPROVAL HEARING].

23.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.


ENTER:


Dated: _____          _____
                                                                                United States District Judge

11

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MYRNA ZIDEK, | ) | |
| successor to DR. DENNIS ZIDEK, | ) | |
| and DR. WILLIAM P. GRESS, | ) | |
| on behalf of plaintiffs and | ) | |
| the class members defined herein, | ) | |
| | ) | |
| Plaintiffs, | ) | 13 C 7742 |
| | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| ANALGESIC HEALTHCARE, INC., | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER FINALLY APPROVING SETTLEMENT**

On [DATE], 2015, this Court entered an order preliminarily approving the class action

settlement (the "Preliminary Approval Order," Dkt. No. __) between Plaintiffs Myrna Zidek and

Dr. William P. Gress, on their own behalf and on behalf of the Settlement Class (as defined

below), and Defendants Analgesic Healthcare, Inc. ("AHC") and John Does 1-10 (collectively,

"Defendants"), as memorialized in the Settlement Agreement between the Parties (the

"Settlement Agreement" memorializing the "Class Action Settlement").

On [DATE], 2015, this Court held a fairness hearing (the "Fairness Hearing"). Members

of the Settlement Class had been given appropriate notice of the Fairness Hearing pursuant to

Federal Rule of Civil Procedure ("Rule") 23(c)(2) and were invited to appear, including those

members with any objections to the Class Action Settlement. An opportunity to be heard was

given to all persons requesting to be heard in any of the manner(s) prescribed in the Preliminary

Approval Order. [No persons appeared in Court seeking to address the proposed Class Action

Settlement]. Having considered the Settlement Agreement, Plaintiffs' Memorandum in Support

1

of Final Approval of the Class Action Settlement, Plaintiff's Petition for Attorney's Fees, and all other evidence submitted to the Court concerning the Class Action Settlement, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiffs, Defendants, members of the Settlement Class, and the claims asserted in Plaintiffs' class action complaint, as amended (the "Litigation").

2. Plaintiffs allege in the Litigation that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and committed common law torts (conversion, private nuisance, and trespass to chattels) by transmitting unsolicited facsimile advertisements. As fully described in the Preliminary Approval Order and the Settlement Agreement, the Parties desire to settle the Litigation.

3. The Class Action Settlement as memorialized in the Settlement Agreement was negotiated in good faith and at arm's length and is fair, reasonable, adequate and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by the Litigation.

4. This Court grants final approval of the Settlement Agreement, including but not limited to the releases therein, and finds that it is in all respects fair, reasonable, and in the best interests of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out (i.e. [identify members who opt out]) ("Settlement Class Members") are bound by this Order Finally Approving Settlement (the "Final Approval Order").

<u>**Class Certification**</u>

5. The following class (the "Settlement Class"), which was previously preliminarily certified by the Court, is now finally certified pursuant to Rule 23 (a) and (b)(3):

2

> All persons and entities with facsimile numbers that, during the Class Period (October 29, 2009 through and including December 15, 2014), were sent one or more facsimile communications by, from or at the direction of AHC and/or John Does 1-10: (i) that did not contain Personal Health Information[1] of any person, and (ii) regardless of whether they contained an opt-out notice as described in 47 U.S.C. § 227 and/or regulations promulgated to implement the TCPA.

6. The Court finds, for settlement purposes only, that (i) certification of the Settlement Class is appropriate under Rule 23(a) and (b)(3), and specifically that (ii) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, (iii) Plaintiffs' claims are typical of the claims of the Settlement Class, (iv) Plaintiffs meet the requirements to represent the Settlement Class pursuant to Rule 23(a)(4) and will fairly and adequately represent the interests of the Settlement Class, (v) Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC meet the requirements to be appointed class counsel pursuant to Rule 23(g), and (vi) a class action is the superior method for the fair and efficient adjudication of this controversy.

7. Pursuant to Rule 23(a)(4), the Court designates Plaintiffs Myrna Zidek and Dr. William P. Gress as the class representatives of the Settlement Class (the "Class Representatives").

8. Pursuant to Rule 23(g), the Court appoints the following lawyers as class counsel: Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603 (together, "Settlement Class Counsel").

---

[1] Personal Health Information means information that (i) is created, maintained or received by any health care provider, health care plan, employer, medical device manufacturer or supplier, or health clearinghouse, and (ii) relates to the past, present, or future physical or mental health or condition of any individual, the provision of health care (including without limitation any medical device), or the past, present or future payment for the provision of healthcare (including without limitation any medical device), or the past, present or future payment for the provision of healthcare (including without limitation any medical device) to any individual.

**Class Notice**

9.      Notice of the Class Action Settlement was given to the Settlement Class in accordance with the plan provided for in the Settlement Agreement which fully complied with the requirements of Rule 23 (c)(2)(B) and (e)(1) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the Class Action Settlement.  In the Preliminary Approval Order, this Court approved the forms of actual notice and claim form sent to the Settlement Class pursuant to the terms of the Settlement Agreement.

10.      Defendants' Counsel provided notice of the Class Action Settlement to the Attorney General of the United States and the attorneys general of every State in which Settlement Class Members (as defined below) reside, including the information required by 28 U.S.C. § 1715(b).  The latest date on which such notice was provided was more than ninety (90) days prior to the entry of this Final Approval Order.

11.      A total of __ valid and timely claim forms were submitted by Settlement Class Members.

**Objections and Opt-Outs**

12.      [No objections were filed by Settlement Class Members].

13.      A total of __ persons or entities have validly requested exclusion from the Settlement Class.  The persons or entities that have validly requested exclusion and thereby opted out of the Class Action Settlement are: [identify members who opt out].  Dkt. Nos. __.

**Class Compensation**

14.      Defendants have advanced $20,000 for notice and administration expenses in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order.

15.     In accordance with the terms of the Settlement Agreement, Defendants shall pay $550,000 for the Settlement Fund, less any costs advanced for notice and administrative expenses to Plaintiff's Counsel pursuant to the procedures set forth in the Settlement Agreement. Defendants have advanced $20,000 from the Settlement Fund for costs of notice and administration. Therefore, Defendants shall pay the remaining $530,000 of the Settlement Fund pursuant to the procedures set forth in the Settlement Agreement.

**Related Litigation**

16.     On July 2, 2014, Douglas Phillip Brust, D.C., P.C. filed a class action complaint against AHC alleging that AHC violated the TCPA and committed common law conversion by transmitting unsolicited facsimile advertisements that did not display a proper opt out notice. That case is pending the United States District Court for the Eastern District of Missouri, Case No. 4:14-CV-01184 AGF (the "Missouri Litigation").

**Releases**

17.     Upon entry of this Final Approval Order, Plaintiffs and each Settlement Class Member shall be deemed to have granted each of the releases and waivers set forth in the Settlement Agreement. Those releases include any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiffs and Settlement Class Members now have, did have, or may have in the future against the Released Parties, as that term is defined in the Settlement Agreement, under any legal theory, arising from or in any way relating to non-patient facsimile communications sent during the Class Period by or at the direction of AHC or John Does 1-10 that did not contain Personal Health Information of any persons and regardless of whether they contained an opt-out notice in the form described in 47 U.S.C. § 227 and/or regulations promulgated by the Federal Communications Commission to implement the TCPA or any similar statute, rule, or regulation (the "Released Claims"). The

5

Released Claims include, but are not limited to, all claims that were asserted or could have been asserted in the Litigation, including TCPA claims, other federal claims and any state law claims, and all claims that were, are, or could have been asserted in the Missouri Litigation.

18.     Settlement Class Counsel has waived, discharged and released the Released Parties, as defined in the Settlement Agreement, of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Litigation.

19.     The Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the Released Claims, including without limitation the Missouri Litigation.  Upon the Effective Date, as that date is defined in the Settlement Agreement, the Settlement Class shall be deemed to have waived the provisions and benefits of California Civil Code §1542, which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or settlement with the debtor.  Further, Plaintiffs and the Settlement Class Members shall be deemed to have expressly waived any and all provisions and rights or benefits which may be conferred upon them by any law, statute, ordinance or regulation which is similar, comparable or equivalent to California Civil Code §1542.

### Award of Attorneys' Fees, Costs and Incentive Award

20.     The Court has considered Settlement Class Counsel's application for attorneys' fees.  The Court awards Settlement Class Counsel the sum of $_____ as an award of attorney's fees to be paid from the Settlement Fund, and finds that this amount of fees is fair and reasonable.  [Settlement Class Counsel is also awarded reasonable costs incurred in providing notice to the Settlement Class and in administering the Settlement Fund.  These costs have been

sufficiently supported and shall be paid from the Settlement Fund.] Pursuant to the terms of the Preliminary Approval Order, Settlement Class Counsel shall not be reimbursed for any costs advanced to the Settlement Fund by Defendant for notice and administration expenses. Payment of Settlement Class Counsel's attorney's fees and costs may be distributed from the Settlement Fund within fourteen (14) days after the Effective Date, as that date is defined in the Settlement Agreement.

21.     The Court grants Settlement Class Counsel's request for an incentive award to the Class Representatives and accordingly awards $8,000 to each Myrna Zidek and Dr. William P. Gress. The Court finds that this payment is justified by the Class Representatives' service to the Settlement Class. This award may be distributed from the Settlement Fund within fourteen (14) days of the Effective Date, as that date is defined in the Settlement Agreement.

### Other Provisions

22.     The Parties to the Settlement Agreement shall each carry out their respective obligations thereunder.

23.     Neither the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order and/or the Final Approval Order), negotiations, or proceedings relating in any way to the Class Action Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including any by Defendants, and shall not be offered or received into evidence in this Litigation, the Missouri Litigation, or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or as may be required by law or court order.

24.     Prior to the Effective Date, as that date is defined in the Settlement Agreement, in the event that (a) the Settlement Agreement is terminated pursuant to its terms, (b) the Settlement Agreement otherwise does not become effective for any reason, or (c) this Final Approval Order is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then (i) Settlement Class Counsel or their agent shall return all Settlement Funds less costs not exceeding $20,000 actually incurred for notice and administration, to counsel of record for Defendant within three (3) business days of that event and (ii) the Settlement Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties thereto and shall not be used in any subsequent proceedings in this Litigation, the Missouri Litigation or in any manner whatsoever.  Until the Effective Date, no payments or distributions may be made from the Settlement Fund other than for class notice and administration expenses, unless approved by this Court.

25.     In the Preliminary Approval Order, this Court ordered that Class-settlement.com ("Class Administrator") be the class administrator.  The Class Administrator shall make all claim payments to and issue and collect W-9 forms from Settlement Class Members pursuant to the terms of the Settlement Agreement.  Specifically, the Class Administrator shall issue W-9 forms to Settlement Class Members within fourteen (14) days after entry of this Final Approval Order and before any settlement checks are issued.  Settlement Class Members shall have thirty (30) days to respond to a request to complete a W-9 form.  Submission of a W-9 form is a condition precedent to receiving a settlement check in excess of $599.99.

26.     Within ninety (90) days following the Effective Date of the Settlement Agreement, as that date is defined in the Settlement Agreement, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund in accordance with the terms of the

Settlement Agreement, unless W-9 forms need to be collected.  If W-9 forms need to be collected, then within thirty (30) days following the expiration of time for class members to complete a W-9 form, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund to the Settlement Class Members who have submitted valid claims in accordance with the terms of the Settlement Agreement.  A Settlement Class Member who is entitled to receive more than $599.99 and fails to submit a completed and valid W-9 form shall be deemed to have waived their claim to recover more than $599.99 and the maximum amount such Settlement Class Member may recover is $599.99.

27.     Settlement checks to the Settlement Class Members will be void sixty (60) days from date of issuance.  Any Settlement Class Member who does not negotiate the settlement check issued to them within sixty (60) days of the date of issuance shall be deemed to have rescinded and withdrawn their claim for monetary compensation under the Settlement Agreement, but shall remain a member of the Settlement Class and bound by the terms of the Settlement Agreement and this Final Approval Order.

28.     Pursuant to the terms of the Settlement Agreement, any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to the following *cy pres* recipient: [court to approve recipient].  Payment is due in accordance with the timing set forth in the Settlement Agreement.

29.     Settlement Class Counsel or the Class Administrator shall file an affidavit of final accounting of the Class Action Settlement by [DATE], 2015.

30.     Settlement Class Counsel shall submit a report on the final accounting of the Class Action Settlement by [DATE], 2015.  A hearing on the final accounting of the Class Action Settlement is set for [DATE], 2015, at [TIME].

ENTER:


Dated: _____                    _____
                                                   United States District Judge